SAMUEL, Judge.
During the early part of 1964 plaintiff and defendant entered into an oral contract which their attorneys call a food service contract. On several occasions thereafter frozen food was purchased by the plaintiff from the defendant under the contract. Some of that food was in plaintiff’s home freezer during the month of September, 1965, when Hurricane Betsy occurred. As a result of the hurricane there was an electrical power failure in the area of plaintiff’s home for approximately one week during which time, solely because of that power failure, the food spoiled and had to he thrown away. Plaintiff then filed this suit for $159.95, the purchase price of the food in question, alleging the food service contract insured plaintiff against the spoilage loss. Defendant’s answer is in the form of a general denial. After trial there was judgment in favor of defendant, dismissing the suit. Plaintiff has appealed.
Appellant contends an important part of the oral contract sued upon was insurance covering spoilage of food from any cause as shown by the third sentence of a letter addressed to plaintiff and his wife and signed by the defendant. The letter was introduced in evidence and reads as follows:
“AMATO FOOD SERVICE 2001 North Broad Ave.
New Orleans, La.
Mr. & Mrs. William G. YOUNG
2221 Venus Place
Meraux, La.
The above named persons are hereby life-time members of Amato Food Service and share in all the Benefits.
Foods at all times will be UNCONDITIONALLY GUARANTEED.
Foods are also covered by a Life-time Food Spoilage Warranty.” (Emphasis ours).
The record reveals the defendant is in the business of selling meats and frozen vegetables; the contract between the litigants was an oral one for which plaintiff paid a consideration of $100; purchases under the contract were payable in installments through a finance company; and the quoted letter was written over the defendant’s signature in connection with the oral contract. However, other than these facts, the letter itself and some testimony given by the defendant on cross examination as to the intent and meaning of the emphasized third sentence of the letter, the record contains no evidence of the contents of the oral contract upon which this suit is based; nor is there any evidence relative to the nature, intent or extent of that contract. Other than the facts set forth in this paragraph or as may be shown by the quoted letter, we do not know any of the contract’s terms or provisions. That part of the defendant’s testimony to which we have referred is to the effect that the “Life-time Food Spoilage Warranty” has reference only to the fitness or wholesomeness of the food when delivered.
In the absence of proof that such an interpretation was contemplated by the contract we cannot hold the words “Foods are *318 also covered by a Life-time Food Spoilage Warranty” constitute insurance against spoilage of food at any time and from any cause. Here there is no such proof; the only evidence relative to the question of whether the contract included the alleged insurance coverage, the testimony given by the defendant, is to the contrary. We conclude plaintiff has failed to carry the burden of proving his case by a preponderance of the evidence.
The judgment appealed from is affirmed.
Affirmed.